UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  EDCV 15-1496-JFW (KS)            Date: May 4, 2016

Title    *Shariff Taylor v. Daniel Paramo*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: STAY**

On July 10, 2015, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his 2013 conviction and prison sentence for first degree murder and forcible rape. (Dkt. No. 1.) In the Petition, Petitioner indicated that he presented his arguments in Grounds One and Two to the California Supreme Court on direct review. (Petition at 6, 7.) It therefore appeared from the face of the Petition that Grounds Three and Four were unexhausted. Following an order from the Court (Dkt. No. 7), Petitioner dismissed his unexhausted claims in Grounds Three and Four (Dkt. No. 12), and the Petition, as amended by the dismissal of Grounds Three and Four, was served on Respondent (Dkt. No. 14).

On December 2, 2015, Respondent filed a Motion to Dismiss the Petition ("Motion") because Petitioner had failed to exhaust his claim in Ground One of the Petition. (Dkt. No. 17.) Respondent also lodged with the Court the Petitioner's state court records (Dkt. No. 18), including the Petition for Review that he filed in the California Supreme Court (Lodg. No. 8), which did not present Petitioner's ineffectiveness claim in Ground One of the Petition. On April 18, 2016, Petitioner filed a Response to the Motion ("Response") in which he states:

> My opposition to [the Motion] is that I would like to get permission to go to court to exhaust 22 grounds besides the 2 mention[ed in the Petition.] I base my request on *Rhines v. Weber*, 544 U.S. 269 (2005). According to *Rhines*, I can proceed in such manner. For such reason I ask to be allowed in going to [the] state [courts] to exhaust this unexhausted claims.

(Dkt. No. 25) (errors in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 15-1496-JFW (KS)                                              Date: May 4, 2016

Title       *Shariff Taylor v. Daniel Paramo*

Petitioner also included in his Response a request for appointment of counsel.

Respondent received 14 days from the date Petitioner filed his Response to file a Reply. That deadline has now passed and no Reply has been filed.

**I.       Petitioner's Request For A Stay**

To obtain a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), Petitioner must establish:  (1) "good cause" for the failure to exhaust the claim at issue; (2) the unexhausted claim is "potentially meritorious;" and (3) he has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277, 278.

Petitioner's Response to the Motion does not purport to show cause for Petitioner's failure to exhaust.  Elsewhere in the Response, Petitioner states that he has been denied law library access, has schizophrenia, and suffers side effects from his psychiatric medication.  However, Petitioner does not allege, and the record does not suggest, that these obstacles precluded Petitioner from preparing and timely filing legal pleadings.  To the contrary, the docket shows that Petitioner was able to timely file a federal habeas petition, a response to the Court's initial screening order and notice of voluntary dismissal, requests for extensions of time, a timely opposition to the Motion to Dismiss, and a motion for appointment of counsel.  Accordingly, the Court will not infer *sua sponte* that any of Petitioner's alleged obstacles and impairments provide "good cause" for his failure to exhaust.[1]

Nevertheless, in the interests of justice, the Court will grant Petitioner **one final opportunity** to establish that he is entitled to a *Rhines* stay with respect to Ground One, the

---

[1] The Court is also concerned that Petitioner may have engaged in intentionally dilatory litigation tactics, because he received an opportunity to request a *Rhines* stay in August 2015 when the Court screened the Petition, determined it was "mixed," and ordered Petitioner to choose between a *Rhines* stay, a Kelly stay, or, *inter alia*, the voluntary dismissal of his two facially unexhausted claims. (*See* Dkt. No. 7.)  In response to that order, Petitioner declined to request a stay and, instead, elected to dismiss his two facially unexhausted claims. (Dkt. No. 12.)  In addition, after the Respondent filed the Motion in December, Petitioner filed two requests for extensions of time before responding with his request for a stay on April 18, 2016 – less than a month before the statute of limitations was due to expire. (Dkt. Nos. 20, 23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 15-1496-JFW (KS)                                          Date: May 4, 2016

Title   *Shariff Taylor v. Daniel Paramo*

remaining unexhausted claim in the Petition.[2]  Accordingly, **Petitioner is ordered to show cause on or before May 17, 2016 why he is entitled to a *Rhines* stay** – that is, Petitioner must establish:  (1) "good cause" for his failure to exhaust Ground One; (2) the unexhausted claim is "potentially meritorious;" and (3) he has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277, 278.

**II.     Petitioner's Request For Counsel**

In the Response, Petitioner also requests appointment of counsel.  "The sixth amendment right to counsel does not apply in habeas corpus actions."  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

A district court is authorized to appoint counsel for a habeas petitioner when it determines the interest of justice requires such appointment, 18 U.S.C. § 3006A(a)(2)(B), but "[u]nless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court." *Knaubert*, 791 F.2d at 728.  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Appointment of counsel is required in at least two situations:  (1) when the court determines that counsel is "necessary for effective discovery"; and (2) when the court determines that "an evidentiary hearing is warranted."  Rules 6(a) and 8(c) of the Rules Governing 2254 Cases, 28 U.S.C. foll. § 2254; *see Weygandt*, 718 F.2d at 954.

Petitioner has not satisfied this standard at this time.  No evidentiary hearing has been granted, and Petitioner has not established that appointment of counsel is necessary to avoid a due process violation.  Further, after reviewing Petitioner's two claims for relief, one of which appears to concern an alleged misapplication of state law and, thus, may not be cognizable on federal habeas review, the Court cannot say that the Petition is highly complex.  Finally, as stated

---

[2]     The Court takes no position regarding the other claims that Petitioner suggests he would like to raise in state court.  These claims are not included in the Petition and no motion to amend has been filed.  However, Petitioner does not need this Court's permission to present these additional claims in state habeas petitions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  EDCV 15-1496-JFW (KS)                                   Date: May 4, 2016

Title    *Shariff Taylor v. Daniel Paramo*

above, despite his alleged mental impairments and limited access to the law library, Petitioner has demonstrated no difficulty responding to court orders and filing timely and coherent legal pleadings. Accordingly, IT IS ORDERED that Petitioner's Motion For Appointment Of Counsel is DENIED. Should an evidentiary hearing be granted or other circumstances change, Petitioner may file a second request for appointment of counsel.

**III.    Conclusion And Order**

In view of the foregoing, IT IS HEREBY ORDERED that: Petitioner's Motion For Appointment Of Counsel is DENIED without prejudice; and **Petitioner shall show cause on or before May 18, 2016 why he is entitled to a *Rhines* stay** – that is, Petitioner must establish: (1) "good cause" for his failure to exhaust Ground One; (2) the unexhausted claim is "potentially meritorious;" and (3) he has not engaged in "intentionally dilatory litigation tactics."

**IF PETITIONER FAILS TO TIMELY SHOW CAUSE WHY HE IS ENTITLED TO A *RHINES* STAY, THE COURT WILL RECOMMEND GRANTING RESPONDENT'S MOTION TO DISMISS.**

                                                                                           :
                                                          **Initials of Preparer**   rhw